OPINION of the Court, by
Judge Boyle.
Maria exhibited his bill in chancery against White, stating, *584 that for the payment of tvro hundred gallons of whiskey on or before the fifteenth of March, 1807, White mortgaged to him a moiety of the stills held in common by White and Adam Sills ; that he had frequently, both before and since the 15th of March, 1807, and more especially on that day, demanded cf White, at his usual place of residence, the payment of said two hundred gallons of whiskey ; but that, nevertheless, White had failed to pay and deliver said whiskey, or any part there>of, and that the whole remained due and unpaid: wherefore he prayed that the court would decree that a moiety of the stills mortgaged as aforesaid should be sold, in satisfaction of the damages he was entitled to receive for the non payment of the said whiskey.
On complaint well founded when made,but fatisfied by defendant pending fuit, the «ompl’c. fhall kave his coils*
White, in his answer, asserted that he had made several partial payments to Martin ; and that, on the 15th day of March, 1807, at his usual place of residence, he was ready and willing to pay the residue of said whiskey, but Martin did not attend to receive it. Before filing his answer, White subjoined to it, that after the answer containing the preceding allegations had been drawn, he had paid Martin the residue of the whiskey, and that Martin had agreed to dismiss the suit.
", On a final hearing of the cause, the court below decreed the bill to be dismissed with costs ; to which decree Martin prosecutes this writ of error.
Sundry objections are taken to the regularity of the proceedings ; but they are either such as are immaterial in themselves, or such as have been waived by subsequent proceedings, and do not merit particular notice.
Upon the merits, it is to be remarked, that the onus probandi is thrown upon White, from the nature of the defence insisted on by him. The partial payments, alleged to have been made before the commencement of the action, have been satisfactorily proven ; but no attempt has been made to shew, that by a tender on the day of payment, or by any other act done by White prior to the institution of the suit, he had discharged the demand for the residue of the whiskey., The whole controversy, therefore, turns upon the payment made during the pendency of the suit. It appears that White paid to the agent of Martin 147 1-2 gallons of whiskey, which, together with the payment previously made, amount to nearly two hundred j and if the barrels are *585 ⅛ be estimated in the payment, as perhaps they ought to be, being furnished by White, which he was not bound to do, the payment will exceed the demand. But Martin contends that his agent had no authority to receive the whiskey, but upon the condition that White would previously confess judgment for the costs of the suit ; and he proves, by the only witness who deposes as to the terms of the agreement of compromise, that such was the condition upon which he agreed to receive the whiskey. On the other hand, it is proven by the agent of Martin, that he was positively instructed to receive, and did actually receive the whiskey on a day prior to the first court after the compromise, and, of course, before it was possible that a judgment could have been confessed.
Where there is an apparent contrariety of testimony, it is the duty of the court so to construe it as to reconcile it, if practicable. This is easily done in the present case. The inconsistency is not in fact in the testimony of the witnesses, but in the conduct of Martin. He has, by the instructions to his agent, waived his right to insist upon the confession of judgment as a previous Condition ; and though it be true that he stipulated for such a previous condition, it is equally true that he had a right to waive it, and must be bound by the payment made to his agent. But it seems clear that he has not abandoned his right to costs by waiving the confession of judgment as a precedent condition to the receipt of the whiskey. For besides that White was bound by his express agreement to pay the costs, he was under a legal obligation to drany^s- they had been incurred in the prosecution of thiAL\x, ⅞ 0 which he had made himself liable by his failure «o comply with his contract.
The decree of the circuit court as to the subject matter of the complaint should have been against the complainant, but as the complaint was well founded when made, but discharged pendente lite, the complainan* should have had his costs. The Chief Justice pronounced the decree as follows.
It is therefore decreed and ordered, that the said decree of the circuit court, as to the principal matter of the controversy, be affirmed ; and as to the incident of costs, that it be reversed and set aside; that the said cause be remanded to the said court, with directions to *586 decree to the complainant his costs of suit, to be paiá ⅛7 {fre defendant, because the defendant ought to have paid the costs, as well by reason of the time of the payment, as by the terms of compromise, in contravention of which he unjustly insisted* by answer, that the complainant agreed to dismiss the suit, omitting therein to acknowledge that he (the defendant) was to pay the costs, and making no offer to do so. Which is ordered to be certified to said court.